RECEIVED
JAN 13 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DALE L. HEFFELFINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 09-45-MJR |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | JURY DEMAND |

## COMPLAINT

**COMES NOW** Plaintiff, Dale L. Heffelfinger, by and through his undersigned attorneys, and for his Complaint against Defendant CSX TRANSPORTATION, INC. (CSXT) states as follows:

### PARTIES AND JURISDICTION

1.  Defendant CSX Transportation, Inc. is an interstate rail carrier and operates a freight railroad throughout many counties in Illinois, and specifically owns and operates a rail yard in East St. Louis, Illinois, all within the Southern District of Illinois.

2.  This cause of action is brought pursuant to 45 U.S.C. Section §51, et. seq., and this Court has subject matter jurisdiction pursuant to 45 U.S.C. Section §56, and venue is appropriate in the Southern District of Illinois because it is a location where the Defendant is doing business and it is a location where a portion of the cause of action arose.

3.  Plaintiff, Dale L. Heffelfinger, was employed by Defendant for many years and performed work throughout Illinois. Plaintiff's injuries were in part sustained in the Southern District of Illinois.

4.  At all time mentioned herein, Plaintiff was a resident of Illinois.

5. That at all times mentioned herein, the work duties of Plaintiff furthered interstate commerce of Defendant.

## COUNT I

6. That throughout his career, Plaintiff sustained repetitive stress injuries to his back, shoulders, arms, wrists and hands while performing track work in Illinois and throughout the territory he worked for the Defendant. Plaintiff's function in the track department was to provide railroad track inspections, maintenance and repair over a specified territory of the system. Plaintiff's job required him to utilize a variety of hand and power tools to repair and install wooden cross ties, replace track, secure rails to ties and place switches and frogs.

7. The hand tools that Plaintiff used routinely and repetitively throughout his employ with Defendant included wrenches, hammers, claw bars, spike mauls, line bars, and sledgehammers. The regular use of hydraulic tools, which require a strong, forceful grip, exposed Plaintiff to excessive vibration and contributed to his injuries.

8. Plaintiff's job in the track department had a lot of physical demands that were routine and repetitive, which contributed to his repetitive stress injuries and required medical treatment. Plaintiff routinely and repetitively walked on uneven surfaces and ballast, often carrying tools weighing in excess of fifty (50) pounds for long distances. Plaintiff routinely did bending and stooping while gathering materials, pulling and hammering spikes, and spreading ballast. Plaintiff routinely squatted while adjusting bolts, switches, or track gauge, and unloading ballast. Plaintiff routinely crouched while measuring track, setting jacks, or using hand tools. Plaintiff routinely knelt while replacing switches, frogs, tie plates, and track bolts. Plaintiff routinely had to climb up embankments or up into truck to load materials. Plaintiff routinely had to carry and lift

his tools, frequently carrying a tool such as a hydraulic spike puller over a long distance from his truck to the work site.

9. Plaintiff's repetitive stress injuries were exacerbated in recent years with Plaintiff required to work an increasing amount of overtime to get the jobs done. There was a shortage of manpower due to attrition and injuries, and Defendant had reduced its hiring of trackmen and inspectors.

10. At the time and place of the Plaintiff's injuries, Defendant, by and through its agents and employees, was then and there guilty of one or more of the following acts of negligence in violation of the Federal Employers Liability Act, Title 45, §51-60 of the United States Code:

    (a) Failed to provide Plaintiff with a reasonably safe place to work;

    (b) Failed to provide sufficient manpower to perform the work;

    (c) Failed to provide reasonably safe methods of work;

    (d) Failed to provide appropriate equipment to perform the work;

    (e) Failed to monitor the workplace and instruct the employees of methods to reduce exposure to injuries.

11. That as a result, in whole or in part, of one or more of the foregoing acts or omissions on the part of Defendant, Plaintiff severely injured his back, shoulders, arms, wrists, and hands while performing his work for Defendant. As a result of his injuries, Plaintiff has incurred medical expenses and will continue to incur medical expenses in the future; Plaintiff has suffered, and, will in the future, continue to suffer from a diminished earning capacity; Plaintiff has suffered, and, will in the future, continue to suffer severe pain and anguish; and furthermore, Plaintiff has sustained a permanent disability.

WHEREFORE, Plaintiff, Dale L. Heffelfinger, prays judgment against

Defendant, CSX TRANSPORTATION, INC., in an amount reasonable and equitable and in excess of $75,000 exclusive of interest and costs, plus costs of suit.

**PLAINTIFF DEMANDS TRIAL BY JURY**

THE BRENNAN LAW FIRM, P.C.

*/s/ Ryan Brennan*

Edward F. Brennan
Ryan Brennan
19 Bronze Pointe
Belleville, IL 62226
(618) 236-2121
(618) 236-1282 (Fax)

**ATTORNEYS FOR PLAINTIFF**